**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1609**

———————

PIERRE YASSUE NASHUN RILEY,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  March 27, 2024                    Decided:  April 26, 2024

———————

Before KING, HARRIS, and QUATTLEBAUM, Circuit Judges.

———————

Petition dismissed by unpublished per curiam opinion.

———————

**ON BRIEF:** Dimitar P. Georgiev-Remmel, Margaret L. Booz, Washington, D.C., Keith Bradley, ScheLeese Goudy, SQUIRE PATTON BOGGS (US) LLP, Denver, Colorado, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Sabatino F. Leo, Assistant Director, Corey L. Farrell, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierre Yassue Nashun Riley, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("Board") vacating the Immigration Judge's ("IJ") order granting Riley's application for deferral of removal under the Convention Against Torture ("CAT") and ordering Riley removed to Jamaica. Because we lack jurisdiction over Riley's petition for review, we dismiss it.

I.

Riley entered the United States in 1995 on a tourist visa. In 2006, a federal grand jury returned an indictment charging Riley with conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana and possession of a firearm in furtherance of a drug-trafficking crime. A jury found Riley guilty of both offenses, and he was sentenced to 25 years' imprisonment. In January 2021, Riley was granted compassionate release.

Just after Riley's release from federal prison, the immigration authorities took custody of him. On January 26, 2021, the Department of Homeland Security issued a Final Administrative Removal Order, explaining that Riley was removable because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1228(b). Riley expressed a fear of returning to Jamaica, and an immigration officer conducted a reasonable fear interview. The immigration officer determined that Riley had not established a reasonable fear of persecution or torture in Jamaica, but an IJ disagreed and referred Riley to the immigration court for withholding-only proceedings.

2

Riley appeared with counsel before the IJ and conceded removability under § 1228(b). Although Riley applied for asylum, statutory withholding of removal, and both withholding of removal and deferral of removal under CAT, he later conceded that he was eligible only for deferral of removal under CAT given his prior convictions.

After an evidentiary hearing, the IJ granted Riley's application for deferral of removal under CAT. The Department of Homeland Security appealed the IJ's decision to the Board, and a three-member panel of the Board issued a May 31, 2022, unpublished decision sustaining the appeal. That is, the Board vacated the IJ's order granting relief and ordered Riley removed to Jamaica.

On June 3, 2022, Riley petitioned this court for review of the Board's decision. We later placed this appeal in abeyance for the issuance of the mandate in *Martinez v. Garland*, No. 22-1221 (4th Cir.). The mandate in *Martinez* has issued, and so Riley's case has been removed from abeyance.

## II.

### A.

"We have an independent obligation to assure ourselves of jurisdiction to decide an appeal." *Martinez v. Garland*, 86 F.4th 561, 566 (4th Cir. 2023). We generally possess jurisdiction to review "a final order of removal." 8 U.S.C. § 1252(a)(1). A noncitizen must petition for review within 30 days "of the final order of removal." 8 U.S.C. § 1252(b)(1). "The 30-day deadline is mandatory and jurisdictional and is not subject to equitable tolling." *Martinez*, 86 F.4th at 566 (internal quotation marks omitted). "[O]nce we have a final order of removal before us, we can consider along with it 'all questions of law and

3

fact . . . arising from any action taken or proceeding brought to remove [the] alien from the United States.'" *Id.* (quoting 8 U.S.C. § 1252(b)(9)) (ellipsis and second alteration in original).

Riley seeks review of the Board's order vacating the IJ's order and denying his application for deferral of removal under CAT. We recently held in *Martinez*, however, that an order denying CAT relief is not a final order of removal for purposes of § 1252(a)(1). *Id.* at 567. So for us to exercise jurisdiction over the Board's order denying CAT relief, Riley "must identify another eligible order" that is properly before us. *Id.* But Riley cannot do so because he did not timely petition for review of a final order of removal. That is, Riley did not petition for review within 30 days of the January 26, 2021, Final Administrative Removal Order. So there is no final order of removal properly in front of us that would allow us to review the Board's order denying CAT relief. We thus lack jurisdiction over Riley's petition for review. *Id.* at 571.

### B.

Riley offers several arguments in favor of our exercise of jurisdiction, but none convinces us. To start, Riley contends that *Martinez* should not control in this case because it involves a Final Administrative Order of Removal issued under § 1228(b), not a reinstated removal order, which *Martinez* addressed. But Riley offers no persuasive justification for differentiating between those two types of orders when applying the jurisdictional principles delineated in *Martinez*, and we discern no reason to do so.

Riley next argues that the Final Administrative Order of Removal was not actually final for purposes of § 1252(a)(1) because he applied for asylum. Riley was statutorily

4

ineligible for asylum, however, and he effectively withdrew his asylum application during his merits hearing. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). Because Riley could not have obtained asylum relief, his asylum application did not impact his removability. The Final Administrative Order of Removal was thus in fact final despite Riley's asylum application.

Finally, Riley maintains that we may exercise jurisdiction over the Board's order affirming the denial of CAT relief under 8 U.S.C. § 1252(a)(4) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under [CAT.]"). But that provision means only that we may review an order denying CAT relief as part of our review of a final order of removal. It does not authorize us to review an order denying CAT relief without a final order of removal properly before us. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020) (citing § 1252(a)(4) and explaining that order denying CAT relief is reviewable "as part of the review of a final order of removal" (internal quotation marks omitted)); *Martinez*, 86 F.4th at 567 (recognizing that federal appellate court may review order denying CAT relief only as part of its review of final order of removal); *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 190 n.13 (2d Cir. 2022) (explaining that § 1252(a)(4) does not enable federal appellate court to exercise jurisdiction over order denying CAT relief "in the absence of a judicially reviewable final order of removal").

5

III.

Because we lack jurisdiction, we dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*